IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-01353-RBJ

RENE JESUS GARCIA, aka Jesse Garcia,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

    This matter is before the Court on plaintiff Rene Jesus Garcia's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 USC § 2412(d) [ECF No. 25]. For the following reasons, the motion is denied.

## FACTS

    Mr. Garcia applied for social security disability benefits on March 18, 2010 claiming that he had been disabled as of October 10, 2003 due to a fractured left ankle, torn MCL, and back problems. Mr. Garcia's application for benefits was initially denied on August 20, 2010. Mr. Garcia requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on November 15, 2011, the ALJ issued an unfavorable decision denying Mr. Garcia social security benefits. The Appeals Council denied his request for review on April 18, 2013, and Mr. Garcia filed a timely appeal to this Court on May 24, 2013.

    In his opening brief, Mr. Garcia argued that (1) the ALJ erred by finding his mental impairments were non-severe at step two and by not reconsidering them during the Residual

Functional Capacity (RFC) analysis; (2) the ALJ should have given more consideration to his treating provider's opinion that he was presumptively disabled under the Listings at step three; (3) that the ALJ improperly discounted his credibility and gave too little weight to his treating provider's opinion; and (4) that the ALJ made some undefined error at step five. In an Order issued August 13, 2014, this Court reversed the ALJ's decision and remanded the case for further proceedings. [ECF No. 23]. The reversal was ordered on a narrow, technical ground, specifically that the ALJ did not explicitly evaluate Mr. Garcia's mental impairments when assessing his RFC although the ALJ properly found them to be non-severe at step two.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show (1) that he was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, the plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[1] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In its August 13, 2014 Order this Court reversed the decision of the Commissioner to deny Mr. Garcia's benefits and remanded the case back to the Commissioner for additional review. Thus, Mr. Garcia was the prevailing party. The government has not argued that there are any special circumstances that

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

make an award unjust. Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id.* at 1174. In the Tenth Circuit "substantially justified" means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue*, 261 F. App'x 83, 85 (10th Cir. 2008) (unpublished). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett*, 475 F.3d at 1175. However, "[t]he mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable. An agency's position can be justified even though it is not correct." *Veltman*, 261 F. App'x at 86.

The Commissioner argues that her position was substantially justified. In particular, the government maintains that any failure by the ALJ to explicitly discuss or to fully consider Mr. Garcia's mental limitations at the RFC stage did not prejudice him. The plaintiff responds that this position was not substantially justified because Tenth Circuit precedent requires the ALJ to consider non-severe impairments in the RFC assessment such that any failure to do so is legal error. However, just because failure to do so is legal error does not mean that the error is always harmful. *See Alvey v. Colvin*, 536 F. App'x. 792, 794 (2013) (finding harmless error where ALJ failed to consider claimant's mental impairments during RFC assessment) (unpublished). In this case, the Court was in a position to find that the error was harmless, and the Court nearly did. As the government pointed out in its original briefing, the plaintiff did not make any showing establishing that mental symptoms caused by his pain disorder created work-related limitations

beyond those caused by his physical impairments.  *See* [ECF No. 18 at 13].  That said, giving the claimant the benefit of the doubt, the Court narrowly ordered that the case be reversed and remanded for further findings on this particular question.

The plaintiff also argues that the Commissioner was not substantially justified in her treatment of Mr. Garcia's treating physician opinions.  But the Court did not reverse and remand the ALJ's opinion on these grounds.  Instead, the Court found that while the ALJ reversed the order of the two-step analysis supplied in *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003), the error was harmless.  [ECF No. 23 at 24].  However, because the Court was reversing the case on other grounds, I ordered the ALJ to reweigh the treating provider's opinions in compliance with the two-step analysis outlined in *Watkins*.  The Court apologizes for any confusion with respect to this portion of the opinion.

## ORDER

For the foregoing reasons, the Court finds that the government's position was substantially justified both at the agency level and in litigation.  Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA) 28 USC § 2412(d) [ECF No. 25] is therefore DENIED.

DATED this 28th day of May, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge